UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SALLY ANN BENNETT,

    Petitioner,

    v.

SUSAN DAVIS,

    Respondent.
_____/

CASE NO. 04-CV-74624-DT
JUDGE GERALD E. ROSEN
MAGISTRATE JUDGE PAUL J. KOMIVES

# REPORT AND RECOMMENDATION

I.    RECOMMENDATION: The Court should deny petitioner's application for the writ of habeas corpus.

II.    REPORT:

A.    *Procedural History*

    1.    Petitioner Sally Ann Bennett is a state prisoner, currently confined at the Western Wayne Correctional Facility in Plymouth, Michigan.

    2.    On July 2, 2002, petitioner was convicted of embezzlement by an administrator, executor, or guardian, MICH. COMP. LAWS § 750.176, pursuant to her guilty plea in the Saginaw County Circuit Court. On August 27, 2002, she was sentenced as a second habitual offender, MICH. COMP. LAWS § 769.10, to a term of 7-15 years' imprisonment.

    3.    Petitioner sought leave to appeal in the Michigan Court of Appeals raising the following claims:

    I.    DEFENDANT'S SENTENCE OF 7 TO 15 YEARS WHICH EXCEEDS THE SENTENCING GUIDELINES AND RESTITUTION IN THE AMOUNT OF $109,964.20 IS DISPROPORTIONATE, AND THEREFORE

>    AN ABUSE OF DISCRETION, AND THE JUDGE FAILED TO GIVE A[N] ADEQUATE REASON FOR THE DEPARTURE.
>
> II.    PURSUANT TO MCL 770.3 P.A. 200 (1981), THE TRIAL COURT SHOULD HAVE APPOINTED APPELLATE COUNSEL TO ASSIST DEFENDANT WITH AN APPLICATION FOR LEAVE TO APPEAL.

On September 18, 2003, in lieu of granting leave to appeal, the Michigan Court of Appeals remanded the trial court for appointment of counsel. *See People v. Bennett*, No. 249564 (Mich. Ct. App. Sept. 18, 2003) (per curiam). On December 12, 2003, petitioner, through counsel, filed a delayed application for leave to appeal, raising a single claim:

> THE LOWER COURT ABUSED ITS DISCRETION BY USING REASONS TO DEPART FROM THE SENTENCING GUIDELINES THAT DO NOT RISE TO THE LEVEL OF SUBSTANTIAL AND COMPELLING AS REQUIRED BY LAW AND FURTHER COMMITTED REVERSIBLE ERROR BY IMPOSING A SENTENCE WHICH VIOLATES THE RULE OF PROPORTIONALITY AND CONSTITUTES CRUEL AND UNUSUAL PUNISHMENT.

On January 6, 2004, the Michigan Court of Appeals dismissed the appeal as untimely. *See People v. Bennett*, No. 252691 (Mich. Ct. App. Jan. 6, 2004).

4. Petitioner, proceeding *pro se*, sought leave to appeal this issue to the Michigan Supreme Court. The Supreme Court denied petitioner's application for leave to appeal in a standard order. *See People v. Bennett*, 471 Mich. 877, 688 N.W.2d 498 (2004).

5. Petitioner, proceeding *pro se*, filed the instant application for a writ of habeas corpus on November 24, 2004. As grounds for the writ of habeas corpus, she raises the sentencing claim that she raised in the state courts.

6. Respondent filed her answer on June 1, 2005. She contends that petitioner's claim is without merit.

B.    *Standard of Review*

Because petitioner's application was filed after April 24, 1996, his petition is governed by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996). *See Lindh v. Murphy*, 521 U.S. 320, 326-27 (1997). Amongst other amendments, the AEDPA amended the substantive standards for granting habeas relief by providing:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

"[T]he 'contrary to' and 'unreasonable application' clauses [have] independent meaning." *Williams v. Taylor*, 529 U.S. 362, 405 (2000); *see also*, *Bell v. Cone*, 535 U.S. 685, 694 (2002). "A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [this] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (quoting *Williams*, 529 U.S. at 405-06); *see also*, *Early v. Packer*, 537 U.S. 3, 8 (2002); *Bell*, 535 U.S. at 694. "[T]he 'unreasonable application' prong of § 2254(d)(1) permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts' of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413); *see also*, *Bell*, 535 U.S. at 694.

3

However, "[i]n order for a federal court to find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. The state court's application must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520-21 (citations omitted); *see also*, *Williams*, 529 U.S. at 409.

By its terms, § 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with "clearly established federal law as determined by the Supreme Court." Thus, "§ 2254(d)(1) restricts the source of clearly established law to [the Supreme] Court's jurisprudence." *Williams*, 529 U.S. at 412. Further, the "phrase 'refers to the holdings, as opposed to the dicta, of [the] Court's decisions as of the time of the relevant state-court decision.' In other words, 'clearly established Federal law' under § 2254(d)(1) is the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision." *Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003) (citations omitted) (quoting *Williams*, 529 U.S. at 412).

Although "clearly established Federal law as determined by the Supreme Court" is the benchmark for habeas review of a state court decision, the standard set forth in § 2254(d) "does not require citation of [Supreme Court] cases–indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early*, 537 U.S. at 8; *see also*, *Mitchell*, 540 U.S. at 16. Further, although the requirements of "clearly established law" are to be determined solely by the holdings of the Supreme Court, the decisions of lower federal courts are useful in assessing the reasonableness of the state court's resolution of an issue. *See Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003); *Phoenix v. Matesanz*, 233 F.3d 77, 83 n.3 (1st Cir. 2000); *Dickens v. Jones*, 203 F. Supp. 354, 359 (E.D. Mich.

4

2002) (Tarnow, J.).

C.   *Analysis*

In her single claim, petitioner challenges the trial court's sentence on two bases. First, she contends that the trial court abused its discretion by departing from the Michigan Sentencing Guidelines. Second, she argues that her sentence is disproportionate to the offense and thus constitutes cruel and unusual punishment. The Court should conclude that petitioner is not entitled to habeas relief on either of these claims.

1.   *Departure from Sentencing Guidelines*

Petitioner first contends that the trial court erred by departing from the sentencing guidelines. This claim is not cognizable on habeas review, and thus petitioner is not entitled to relief on this claim.

A habeas petitioner's claim that the trial court violated state law when sentencing her is not cognizable in habeas corpus proceedings. *See Branan v. Booth*, 861 F.2d 1507, 1508 (11th Cir. 1988); *Haynes v. Butler*, 825 F.2d 921, 924 (5th Cir. 1987). Federal habeas courts have no authority to interfere with perceived errors in state law unless the petitioner is denied fundamental fairness in the trial process. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Serra v. Michigan Dep't of Corrections*, 4 F.3d 1348, 1354 (6th Cir. 1993). Petitioner's claim that the court improperly scored the guidelines range raises an issue of state law not cognizable on habeas review. *See Cook v. Stegall*, 56 F. Supp. 2d 788, 797 (E.D. Mich. 1999) (Gadola, J.) (claim that sentencing court departed from Michigan sentencing guidelines presents an issue of state law only and is, thus, not cognizable in federal habeas review); *Welch v. Burke*, 49 F. Supp. 2d 992, 1009 (E.D. Mich. 1999) (Cleland, J.) (same); *see also*, *Branan*, 851 F.2d at 1508 (claim that court misapplied state

sentencing guidelines not cognizable on habeas review).  Accordingly, petitioner is not entitled to habeas relief on this claim.

    2.    *Proportionality*

Petitioner also contends that the sentence imposed was unconstitutionally disproportionate, in violation of the Eight Amendment.  The Court should conclude that petitioner is not entitled to habeas relief on this claim.

### *a. Clearly Established Law*

In *Solem v. Helm*, 463 U.S. 277 (1983), the Supreme Court held that the Eighth Amendment requires that "a criminal sentence must be proportionate to the crime for which the defendant has been convicted." *Id*. at 290.  In considering whether a sentence is proportionate, the Court identified three objective factors which are relevant: "(I) the gravity of the offense and the harshness of the penalty; (ii) the sentences imposed on other criminals in the same jurisdiction; and (iii) the sentences imposed for the same crime in other jurisdictions." *Id*. at 292.  Applying this test to the facts before it, the Court found that the defendant's sentence of life imprisonment without possibility of parole under a habitual offender statute was disproportionate where the three underlying felonies were nonviolent crimes involving small sums of money, the final felony being for uttering a false check. *See id*. at 303.

However, the reach of *Solem* has been limited by the Supreme Court's more recent decision in *Harmelin v. Michigan*, 501 U.S. 957 (1991).  In *Harmelin*, the Court held that Michigan's mandatory sentence of life imprisonment for possession of over 650 grams of a controlled substance did not violate the Eighth Amendment.  Justice Scalia, joined by Chief Justice Rehnquist, reasoned that *Solem* was wrongly decided and should be overruled, and concluded that the Eighth Amendment

contains no proportionality requirement outside the capital punishment context. *See Harmelin*, 501 U.S. at 965 (Scalia, J.). Justice Kennedy, joined by Justices O'Connor and Souter, concluded that the Eighth Amendment contains a very narrow proportionality principle, which prohibits only those punishments which are "grossly" disproportionate to the crime. *See id.* at 1001 (Kennedy, J.). Further, Justice Kennedy's opinion distinguished *Solem*, essentially limiting application of the *Solem* objective criteria test to the facts in that case. *See id.* at 1001-05. Specifically, Justice Kennedy concluded that the objective analysis required in *Solem* is "appropriate only in the rare case in which a threshold comparison of the crime committed and the sentence imposed leads to an inference of gross disproportionality." *Id.* at 1005.[1] Thus, it is unclear whether, and to what extent, *Solem* remains good law. *See McGruder v. Puckett*, 954 F.2d 313, 316 (5th Cir. 1992) ("By applying a head-count analysis, we find that seven members of the Court supported a continued Eighth Amendment guaranty against disproportional sentences. Only four justices, however, supported the continued application of all three factors in *Solem*, and five justices rejected it. Thus, this much is clear: disproportionality survives; *Solem* does not.").

As the Sixth Circuit has summarized,

although only two Justices [Rehnquist and Scalia] would have held that the eighth amendment has no proportionality requirement, five Justices [Kennedy, O'Connor, and Souter, along with Rehnquist and Scalia] agree that there is no requirement of strict proportionality.

*United States v. Hopper*, 941 F.2d 419, 422 (6th Cir. 1991). At most, then, the Eighth Amendment "forbids only extreme sentences that are 'grossly disproportionate' to the crime." *Harmelin*, 501

---

[1]Justices White, Blackmun, Stevens, and Marshall all concluded that *Solem* should be upheld, and the three-factor test applied to the sentencing scheme at issue. *See Harmelin*, 501 U.S. at 1016 (White, J., dissenting).

U.S. at 1001; *Hopper*, 941 F.2d at 422 ("the eighth amendment is offended only by an extreme disparity between crime and sentence"). Thus, as a general matter,

> one could argue without fear of contradiction by any decision of [the Supreme] Court that for crimes concededly classified and classifiable as felonies, that is, as punishable by significant terms of imprisonment in a state penitentiary, the length of sentence actually imposed is purely a matter of legislative prerogative.

*Rummel v. Estelle*, 445 U.S. 263, 274 (1980); *see Harmelin*, 501 U.S. at 962-65 (Scalia, J.); *id.* at 997-1001 (Kennedy, J.).

More recently, the Supreme Court again considered the proportionality issue under the Eighth Amendment, resulting in a split similar to that reached in *Harmelin*. In *Ewing v. California*, 538 U.S. 11 (2003), a three-justice plurality reaffirmed Justice Kennedy's approach in *Harmelin*, concluding that the Eighth Amendment contains a narrow proportionality principle which forbids sentences which are grossly disproportionate to the offense. *See id.* at 23-24 (opinion of O'Connor, J.). Justice O'Connor was joined in this position by Justice Kennedy, who had authored the plurality opinion in *Harmelin*, and by Chief Justice Rehnquist, who in *Harmelin* had joined Justice Scalia in concluding that the Eighth Amendment contains no proportionality requirement outside of the capital sentencing context. Justice Scalia, now joined by Justice Thomas (who was not on the Court when *Harmelin* was decided), reaffirmed his view that the Eighth Amendment contains no proportionality guaranty. *See id.* at 31-32 (opinion of Scalia, J.); *id.* at 32 (opinion of Thomas, J.). Justice Stevens likewise reaffirmed his view from *Harmelin* that the three-factor test of *Solem* guides the proportionality inquiry under the Eighth Amendment. Justice Stevens was joined in this view by Justice Souter, who had joined the plurality opinion of Justice Kennedy in *Harmelin*, as well as by Justices Ginsburg and Breyer, who were not on the Court when *Harmelin* was decided. *See id.* at 33-35 (opinion of Stevens, J.); *id.* at 35-37 (opinion of Breyer, J.).

Thus, although the particular Justices attached to each position have changed somewhat, the numbers and rationales in *Ewing* break down precisely as they did in *Harmelin*. Thus, for purposes of habeas review, the Sixth Circuit's analysis of *Harmelin*, in which this Court asks only whether the sentence is grossly disproportionate to the offense, *see Coleman v. DeWitt*, 282 F.3d 908, 915 (6th Cir. 2002); *United States v. Baker*, 197 F.3d 211, 217 (6th Cir. 1999), remains controlling under *Ewing*.

### b.  Analysis

Here, the "threshold comparison" of petitioner's crime and the sentence imposed does not "lead[] to an inference of gross disproportionality," *Harmelin*, 501 U.S. at 1005, and thus the Court should conclude that petitioner is not entitled to habeas relief on this ground.[2]  Petitioner was convicted of embezzling funds entrusted to her as an administrator of an estate, and was sentenced as an habitual offender. In these circumstances, her sentence of 7-15 years' imprisonment is not disproportionate to her offense. *See Rummel*, 445 U.S. at 284-85 (mandatory sentence of life imprisonment under recidivist statute not disproportionate where defendant's three qualifying convictions were all nonviolent theft offenses involving a total of less than $230); *Williams v. Johnson*, 845 F.2d 906, 910 (11th Cir. 1988) (upholding life sentence as an habitual offender for forgery offense).

D.   *Conclusion*

In view of the foregoing, the Court should conclude that the state courts' resolution of

---

[2]To the extent that petitioner relies on the Michigan proportionality rule established in *People v. Milbourn*, 435 Mich. 630, 461 N.W.2d 1 (1990), her claim is one of state law not cognizable on habeas review. *See Welch v. Burke*, 49 F. Supp. 2d 992, 1009 (E.D. Mich. 1999) (Cleland, J.).

petitioner's claims did not result in a decision which was contrary to, or which involved an unreasonable application of, clearly established federal law. Accordingly, the Court should deny petitioner's application for the writ of habeas corpus.

III.     NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *See Willis v. Secretary of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991). *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

        s/Paul J. Komives
        PAUL J. KOMIVES
        UNITED STATES MAGISTRATE JUDGE

Dated: 9/6/05

> The undersigned certifies that a copy of the foregoing order was served on the attorneys of record by electronic means or U.S. Mail on September 6, 2005.
>
> s/Eddrey Butts
> Case Manager